IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAHARA, INC. D/B/A ZEUS MEDITERRANEAN KITCHEN A/K/A ZEUS GREEK AND LEBANESE CAFÉ A/K/A ZEUS FRESH FOOD ON THE GO A/K/A ZEUS CAFÉ; | § § § § § | |
| Plaintiff; | § | CIVIL ACTION NO. 4:19-cv-1534 |
| v. | § § | |
| ZEUS CAFÉ, LLC; | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Sahara, Inc. complaining of Defendant Zeus Café, LLC and for cause of action and as grounds for relief would respectfully show the Court as follows:

### PARTIES

1.     Plaintiff Sahara, Inc. ("Plaintiff" or "Sahara") is a Louisiana corporation with its principal place of business at 1103 Pinhook, Lafayette, Louisiana 70503.  Sahara does business as Zeus Mediterranean Kitchen a/k/a Zeus Greek and Lebanese Café a/k/a Zeus Fresh Food on the Go a/k/a Zeus Café.

2.     Defendant Zeus Café, LLC ("Defendant") is a Texas limited liability company with its principal place of business at 550 Katy-Fort Bend Road, Suite 104, Katy, Harris County, Texas 77494.  Defendant may be served with this pleading and summons in this cause by serving its registered agent, Jamal A. Khattab, at 550 Katy-Fort Bend Road, Suite 104, Katy, Harris County, Texas 77494, or wherever he may be found.

## CAUSES OF ACTION

3.      This is an action for trademark dilution and infringement, false designation of origin and unfair competition in violation of Sections 32, 43(c) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.103, and Texas common law.

## JURISDICTION AND VENUE

4.      As appears more fully below, this Court has jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because the claims in this case arise under federal law. This Court has jurisdiction over the state law claims in this case pursuant to 28 U.S.C. § 1367.

5.      Venue properly lies in the Southern District of Texas pursuant 28 U.S.C. § 1391 for the reason that Defendant resides in the Southern District of Texas because it is doing business in the Southern District of Texas and because it is subject to personal jurisdiction in the Southern District of Texas, and for the reason that a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas.  Defendant has committed acts of infringement in the Southern District of Texas, has transacted and is transacting business in the Southern District of Texas and has established and maintains minimum contacts with the Southern District of Texas.

## FACTUAL BACKGROUND

**A.  Sahara and its ZEUS trademarks.**

6.      Sahara owns and operates Greek, Lebanese and Mediterranean restaurants, including twelve (12) locations throughout the State of Louisiana.  Sahara operates restaurants in the Lake Charles, Lafayette, Crowley and Eunice areas, among others throughout Louisiana. Sahara has been in operation in Louisiana since June 7, 1990.

2

7.     Sahara operates at least three different concepts of restaurants, including: (1) catering; (2) fast, casual dining; and (3) "express," or dining on the go.  These various dining concepts operate under the names Zeus Greek and Lebanese Café, Zeus Fresh Food on the Go, and Zeus Café.  In connection with the operation of its restaurants, Sahara has registered and is the owner of all right, title and interest in three United States trademarks relating to the name and service mark ZEUS in hotel, bar and restaurant services, café and restaurant services, café-restaurants, cafetoria and restaurant services, carry-out restaurants, fast-food restaurants, fast-food restaurants and snackbars, and hotel and restaurant services.  Sahara's trademarks are as follows:

a.   United States Trademark Registration No. 5,485,108, Serial No. 87-643,827, a true and correct copy of which is attached hereto as Exhibit A and is incorporated herein by reference as if set forth in full;

b.   United States Trademark Registration No. 3,749,671, Serial No. 77-779,885, a true and correct copy of which is attached hereto as Exhibit B and is incorporated herein by reference as if set forth in full; and

c.   United States Trademark Registration No. 3,641,789, Serial No. 77-311,338, a true and correct copy of which is attached hereto as Exhibit C and is incorporated herein by reference as if set forth in full.

These registrations, which are owned by Sahara, are valid, subsisting, uncancelled, unrevoked and incontestable under 15 U.S.C. § 1065 and entitle Sahara to nationwide protection against infringement.  Sahara's ZEUS mark has been used by it in its restaurant business for many years.

8.     Sahara has spent substantial effort, sums of money and other resources to advertise and promote its ZEUS mark and the goods and services it offers and sells under the ZEUS mark.  As a result, the mark ZEUS has become well-known as identifying Sahara's goods and services; has acquired a favorable reputation among members of the purchasing public; and has become a valuable symbol of Sahara's goodwill.

9.      Sahara has established valuable goodwill in the mark ZEUS, and the relevant public has come to recognize the mark ZEUS as an indication of products and services that emanate from Sahara.   Sahara's ZEUS mark serves to identify and indicate the source of Sahara's goods and services to the consuming public, and to distinguish Sahara's goods and services from those of others.

**B.  Defendant and its activities.**

10.     Defendant Zeus Café, LLC is using the name ZEUS in connection with the operation of a Greek and Mediterranean dining concept restaurant in Katy, Texas.   In this regard, Defendant used the name ZEUS in the formation of a Texas entity for operation of its restaurant, the entity name being Zeus Café, LLC.   Defendant continues to use the name ZEUS in the name of its operating entity.   Defendant is also using the name ZEUS in the name of the restaurant, which is called Zeus Café.   Defendant is using the name ZEUS on signage, menus and documentation for its restaurant.   Defendant has also established and maintains a Facebook page using the name "Zeus Café," which includes information and photographs of Defendant's restaurant.

11.     Defendant is using the ZEUS mark in commerce in Texas, including in this District.

12.     Defendant's unauthorized use of the ZEUS mark commenced after Sahara's first use of the mark.

13.     Defendant is not affiliated with Sahara and Defendant's use of the name ZEUS is without the authority, permission or approval of Sahara.

**C.  Effect of Defendant's activities.**

14.     Defendant's unauthorized use of the Zeus mark is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Defendant with Sahara, or as to the origin, sponsorship, or approval of Defendant's products and services by Sahara.

15.     Defendant's unauthorized use of the ZEUS mark falsely designates the origin of Defendant's products and services, and falsely and misleadingly describes and represents facts with respect to Defendant and its products and services.

16.     Defendant's unauthorized use of the ZEUS mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by Sahara over many years, and to gain acceptance for Defendant's products and services not solely on their own merits, but on the reputation and goodwill of Sahara, its ZEUS mark, and its products and services.

17.     Defendant's unauthorized use of the ZEUS mark unjustly enriches Defendant at Sahara's expense.  Defendant has been and continues to be unjustly enriched by obtaining a benefit from Sahara and its goodwill.  Specifically, Defendant has taken undue advantage of Sahara by trading on and profiting from the goodwill in the ZEUS mark developed and owned by Sahara, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and services.

18.     Defendant's unauthorized use of the ZEUS mark removes from Sahara the ability to control the nature and quality of products and services provided under the ZEUS mark, and places the valuable reputation and goodwill of Sahara in the hands of Defendant, over whom Sahara has no control.

19.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Sahara and to the public for which there is no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
(Federal Trademark Infringement in Violation of
Lanham Act Section 32, 15 U.S.C. § 1114)

20.     Plaintiff repeats and re-alleges all previous and subsequent allegations and incorporates same herein by reference as if set forth in full.

21.     The acts of Defendant complained of herein constitute infringement of Sahara's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

22.     Sahara has been damaged by Defendant's acts of federal trademark infringement.

23.     As a result of Defendant's acts of federal trademark infringement, Sahara is entitled to the remedies provided by Section 32 of the Lanham Act, 15 U.S.C. § 1114 and to recover profits, damages, costs and attorney's fees as provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117.  Sahara is also entitled to an order requiring destruction of Defendant's infringing articles as provided by Section 36 of the Lanham Act, 15 U.S.C. § 1118.

24.     Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
(Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

25.     Plaintiff repeats and re-alleges all previous and subsequent allegations and incorporates same herein by reference as if set forth in full.

26.     The acts of Defendant complained of herein constitute trademark infringement, false designations of origin, false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27.     Sahara has been damaged by Defendant's acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact, and unfair competition.

28.     As a result of Defendant's acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact, and unfair competition, Sahara is entitled to the remedies provided by Section 43 of the Lanham Act, 15 U.S.C. § 1125 and to recover profits, damages, costs and attorney's fees as provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117.  Sahara is also entitled to an order requiring destruction of Defendant's infringing articles as provided by Section 36 of the Lanham Act, 15 U.S.C. § 1118.

29.     Defendant's acts of trademark infringement, false designations of origin, false or misleading descriptions or representations of fact, and unfair competition have been and are willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
(Trademark Dilution in Violation of
Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

30.     Plaintiff repeats and re-alleges all previous and subsequent allegations and incorporates same herein by reference as if set forth in full.

31.     After Sahara's ZEUS mark became famous and distinctive, Defendant commenced use of a name likely to cause dilution by blurring or dilution by tarnishment in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

32.     As a result of Defendant's acts of dilution by blurring and/or dilution by tarnishment, Sahara is entitled to the remedies provided by Section 43 of the Lanham Act, 15 U.S.C. § 1125 and to recover profits, damages, costs and attorney's fees as provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117.  Sahara is also entitled to an order requiring destruction of Defendant's infringing articles as provided by Section 36 of the Lanham Act, 15 U.S.C. §

1118.   Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury, and other damages to Sahara's business, reputation and goodwill in the mark ZEUS.  Sahara is therefore entitled to injunctive relief under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

33.   Defendant's acts of dilution by blurring or dilution by tarnishment have been and are willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

## FOURTH CLAIM FOR RELIEF
(Violation of Texas Anti-Dilution Act, TEX. BUS. & COM. CODE § 16.103)

34.   Plaintiff repeats and re-alleges all previous and subsequent allegations and incorporates same herein by reference as if set forth in full.

35.   Defendant's unauthorized use of the ZEUS mark constitutes a dilution of Sahara's ZEUS mark and injures Sahara's business reputation in violation of the Texas Anti-Dilution Act, TEX. BUS. & COM. CODE § 16.103.  As a result, Sahara has suffered, and continues to suffer damages in an amount yet to be determined.  In addition, Defendant's acts of dilution have resulted and are currently resulting in substantial unjust profits and unjust enrichment for Defendant in an amount yet to be determined.  Defendant's acts of dilution have also caused, and unless enjoined by this Court, will continue to cause, irreparable injury, and other damages to Sahara's business, reputation and goodwill in the mark ZEUS.

## FIFTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

36.   Plaintiff repeats and re-alleges all previous and subsequent allegations and incorporates same herein by reference as if set forth in full.

37.   Defendant's unauthorized use of the ZEUS mark constitutes infringement of Sahara's common law trademark rights in the ZEUS mark, as well as unfair competition under Texas law.  Defendant continues to infringe Sahara's common law trademark rights and to

commit acts of unfair competition, resulting in confusion and deception of the public and harm to Sahara's ZEUS mark.

38.     As a result of the infringement and unfair competition by Defendant, Sahara has suffered, and is suffering, damages in an amount yet to be determined.  Defendant's acts of infringement and unfair competition have resulted and are currently resulting in substantial unjust profits and unjust enrichment for Defendant in an amount yet to be determined.

## SIXTH CLAIM FOR RELIEF
### (Attorney's Fees and Costs)

39.     Plaintiff repeats and re-alleges all previous and subsequent allegations and incorporates same herein by reference as if set forth in full.

40.     The conduct of Defendant set forth above has made it necessary for Plaintiff to employ counsel to file and prosecute this suit.  Plaintiff's attorneys have expended and will expend considerable time and effort in bringing this suit against Defendant.  Plaintiff is therefore entitled to recover from Defendant its reasonable attorney's fees for the services required and expenses involved pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a) and other applicable statutes and laws.

41.     Sahara also seeks recovery of pre-judgment and post-judgment interest on its damages at the highest lawful rate and recovery of its costs of court.

## CONDITIONS PRECEDENT

42.     All conditions precedent to the right of Plaintiff to recover herein have been performed or have occurred.

## REQUEST FOR JURY TRIAL

43.     Plaintiff hereby demands a trial by jury.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Sahara, Inc. prays that:

    a.  Defendant Zeus Café, LLC be cited to appear and answer herein;

    b.  Defendant, its officers, agents, servants, employees, affiliates, attorneys and all other persons in active concert and participation with any of them be preliminarily and permanently enjoined and restrained from using in the restaurant or hotel industries the ZEUS mark and any other mark, trade name, corporate name or domain name that is confusingly similar to or likely to dilute Plaintiff's ZEUS mark, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

    c.  Defendant be required to remove the name "ZEUS" from all of Defendant's signs, storefronts, consumable materials, promotional materials used in the restaurant industry and from Defendant's online presence, including Facebook;

    d.  Defendant be required to destroy all devices, signage, literature, advertising material, stationery, menus and other printed material containing the name "ZEUS;"

    e.  Defendant be required to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction order, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction order;

    f.  Defendant be required to provide an accounting of its sales and profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

g.  Judgment be rendered in favor of Plaintiff and against Defendant for acts of infringement and willful and in bad faith infringement;

h.  Judgment be rendered in favor of Plaintiff and against Defendant for acts of dilution and willful and in bad faith dilution;

i.  Plaintiff recover of and from Defendant actual damages and all profits derived by Defendant's violation of Plaintiff's rights

j.  Plaintiff recover of an from Defendant all sums by which Defendant has been unjustly enriched;

k.  Plaintiff recover of and from Defendant such sum as the Court shall find to be just according to the circumstances of the case and all other relief provided by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

l.  Plaintiff recover of and from Defendant such damages as Plaintiff has sustained, or will sustain, in consequence of Defendant's trademark infringement, false designation of origin, unfair competition, unfair business practices and trademark dilution;

m.  Plaintiff recover of and from Defendant reasonable attorney's fees and litigation expenses incurred herein;

n.  Plaintiff recover of and from Defendant all costs of court incurred herein;

o.  Plaintiff recover of and from Defendant pre-judgment and post-judgment interest at the highest lawful rate; and

p.  Plaintiff recover such other and further relief, both general and special, legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

_____/s/Robert M. Corn_____
      Robert M. Corn
      Southern District Bar No. 2064
      State Bar No. 04828600

ATTORNEY-IN-CHARGE    FOR    PLAINTIFF
SAHARA, INC.

3131 Eastside St., Suite 440
Houston, Texas 77098-1947
Telephone:  713-229-0055
Facsimile:  713-229-0057
Email: rcorn@corn-law.com

094.001/2019-04-26 Plaintiff Sahara's Original Petition.docx